UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRAVIS BYNOE,

                        Plaintiff,

              -against-

THE CITY OF NEW YORK, Police Officer SEAN
KEEGAN, Shield No. 12338, Sergeant HAMEED
ARMANI, Shield No. 3455, Police Officer PETER
CYBULSKI, Shield No. 18074, Police Officer
NICHOLAS MURRAY, Shield No. 23043,
Police Officer JOHN DOE THREE in their
individual and official capacities as employees
of the City of New York,

                 Defendants.
------------------------------------------------------------X

**FIRST AMENDED
COMPLAINT
AND JURY DEMAND**

**15-CV-7319 (PKC)(MDG)**

      The Plaintiff, TRAVIS BYNOE, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Complaint:

## INTRODUCTION

      1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§§ 1981, 1983, and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, Article I Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the police officers mentioned above in their individual capacities, and against the City of New York.

      2.     It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiff, violating his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution,

and that these defendants assaulted and battered plaintiff. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3.      Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

4.      Plaintiff filed a Notice of Claim on or about December 23, 2014.

5.      At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

6.      This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

7.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367.  Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

8.      Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## PARTIES

9.      Plaintiff TRAVIS BYNOE ("plaintiff" or "Mr. Bynoe") is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

10.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11.     Defendant Police Officer SEAN KEEGAN, Shield No. 12338 ("Keegan"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Keegan is sued in his individual and official capacities.

12.     Defendant Police Officer Keegan at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

13.     Defendant Sergeant HAMEED ARMANI, Shield No. 3455 ("Armani"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Armani is sued in his individual and official capacities.

14.     Defendant Sergeant Armani at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

15.     Defendant Police Officer PETER CYBULSKI, Shield No. 18074 ("Cybulski"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Cybulski is sued in his individual and official capacities.

16.    Defendant Police Officer Cybulski at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

17.    Defendant Police Officer NICHOLAS MURRAY, Shield No. 23034 ("Murray"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Murray is sued in his individual and official capacities.

18.    Defendant Police Officer Murray at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights

19.    At all times relevant defendants John Doe Three were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John Doe Three.

20.    At all times relevant herein, defendants John Doe Three were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John Doe Three are sued in their individual and official capacities.

21.    At all times relevant herein, defendants John Doe Three either directly participated or failed to intervene in the violation of plaintiff's rights.

22.    At all times relevant herein, all individual defendants were acting under color of state law.

23.    The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates

the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

24.     The City was at all material times the public employer of defendant officers named herein.

25.     The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

**FACTUAL ALLEGATIONS**

26.     Plaintiff is an African-American male.

27.     On or about September 28, 2014, at approximately 9:25 pm, plaintiff was in the area of 716 Miller Avenue in Brooklyn when two (2) uniform police officers approached him. Defendant KEEGAN told plaintiff "get off the block." Plaintiff asked why. The officer asked plaintiff for his ID. Plaintiff was two feet from his door when defendant KEEGAN grabbed and attacked plaintiff. Plaintiff was barely able to keep his balance and asked the officer, "Why did you do this to me?"

28.     In response, officer KEEGAN told plaintiff, "You can stand on your stoop and it will be all over." The officer escorted plaintiff to his stoop and stood in front of plaintiff.

29.     Plaintiff asked officer KEEGAN to call his supervisor. At that point plaintiff began videotaping the incident. Officer KEEGAN ignored plaintiff's request at first, but eventually the officer called for his supervisor.

5

30.     Defendant Sergeant HAMEED ARMANI arrived at the scene of the incident along with defendant police officers KEEGAN, PETER CYBULSKI, NICHOLAS MURRAY, and John Doe 3.

31.     Sergeant ARMANI informed plaintiff that he is under arrest for blocking the stoop. Plaintiff remarks that it is officer KEEGAN who instructed plaintiff to stand on the stoop. At this point, defendant ARMANI, KEEGAN, CYBULSKI and MURRAY and police officer JOHN DOE 3 surrounded and attacked plaintiff, punching and choking him.

32.     One of the officers threw plaintiff onto the ground and stomped upon plaintiff, punched and kicked plaintiff while attempting to take the cellphone from plaintiff. Plaintiff asked the officers to stop. At some point, Officer ARMANI took plaintiff's phone from plaintiff.

33.     Plaintiff was handcuffed and taken to the 75th Precinct. On the way to the precinct, Plaintiff asked for medical attention but was denied medical attention.

34.     Once in the parking lot of the precinct, Sergeant ARMANI approached plaintiff, slapped plaintiff in his face several times and said, "I should have shot you in the back of your head when I had a chance."

35.     Plaintiff was placed in a cell and again asked for medical assistance. Eventually, Plaintiff was taken to Brookdale Hospital and later returned to the precinct.

36.     Plaintiff was later taken from the police precinct to Brooklyn Central Booking.

37.     All charges against plaintiffs were false.

38.     On or about May 15, 2015, all charges against plaintiff were dismissed.

39.     At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

40.     Defendants employed unnecessary and unreasonable force against the plaintiff.  Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct.  The officers intentionally used excessive force. They acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

41.     The conduct of the defendant officers in assaulting the plaintiff directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.  All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

42.     At no time did plaintiff assault or attempt to assault any officer, nor did he present a threat or perceived threat to the personal safety of any officer or civilian so as to warrant the repeated application of blows. Plaintiff did not provoke this beating nor did he conduct himself in any manner that would warrant any use of force, much less the excessive force actually used.

Defendant officers acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiff's rights and physical well-being.

43.     All of the above was done in violation of state and federal law.

44.     As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiff's injury has become permanent in nature.

45.     The conduct of the defendant officers in assaulting the plaintiff and denying him medical attention directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

46.     As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

   i. Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

   ii. Loss of his physical liberty;

47.          The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

   i. Freedom from the unreasonable seizure of his person;

   ii. Freedom from the use of excessive, unreasonable and unjustified force against his person.

## FIRST CLAIM
### 42 U.S.C. § 1983

48.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.     Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

50.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Stop and Search

51.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

53.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

54.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

56.      As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### State Law False Imprisonment and False Arrest

57.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

59.     Plaintiff was conscious of his confinement.

60.     Plaintiff did not consent to his confinement.

61.     Plaintiff's confinement was not otherwise privileged.

62.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

63. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Malicious Prosecution

64. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

66. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

67. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM
### State Law Malicious Prosecution

68.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69.     By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

70.     Defendants maliciously commenced criminal proceeding against plaintiff, charging him with resisting arrest, menacing and disorderly conduct.    Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

71.     The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

72.     All charges were terminated in plaintiff's favor.

73.     Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff.   Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

74.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
### Unreasonable Force

75.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

77.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### State Law Assault and Battery

78.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79.     By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

80.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

81.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## NINTH CLAIM
### Denial Of Constitutional Right To Fair Trial

82.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

83.     The individual defendants created false evidence against Plaintiff.

84.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

85.     In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

86.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Malicious Abuse Of Process

87.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

88.     The individual defendants issued legal process to place Plaintiff under arrest.

89.     The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

90.      The individual defendants acted with intent to do harm to Plaintiff

without excuse or justification.

91.      As a direct and proximate result of this unlawful conduct, Plaintiff

sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Negligent Hiring/Training/Retention/Supervision Of Employment Services

92.      Plaintiff repeats and realleges each and every allegation as if fully

set forth herein.

93.      Defendant City, through the NYPD, owed a duty of care to plaintiff

to prevent the conduct alleged, because under the same or similar

circumstances a reasonable, prudent, and careful person should have

anticipated that injury to plaintiff or to those in a like situation would

probably result from the foregoing conduct.

94.      Upon information and belief, all of the individual defendants were

unfit and incompetent for their positions.

95.      Upon information and belief, defendant City knew or should have

known through the exercise of reasonable diligence that the individual

defendants were potentially dangerous.

96.      Upon information and belief, defendant City's negligence in

screening, hiring, training, disciplining, and retaining these defendants

proximately caused each of plaintiff's injuries.

97.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TWELVE CLAIM
### Intentional Infliction of Emotional Distress

98.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

99.     By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

100.    The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

101.    Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff.  Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

102.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CLAIM
### Negligent Infliction of Emotional Distress

103.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

104.     By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

105.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

106.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

107.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FOURTEENTH CLAIM
### Failure To Intervene

108.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

109.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

110.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

111.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTEENTH CLAIM
### Monell

112.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

113.    This is not an isolated incident.  The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

114.     The City, through its police department, has had and still has

hiring practices that it knows will lead to the hiring of police officers

lacking the intellectual capacity and moral fortitude to discharge their

duties in accordance with the constitution and is indifferent to the

consequences.

115.     The City, through its police department, has a *de facto* quota policy

that encourages unlawful stops, unlawful searches, false arrests, the

fabrication of evidence and perjury.

116.     The City, at all relevant times, was aware that these individual

defendants routinely commit constitutional violations such as those at

issue here and has failed to change its policies, practices and customs to

stop this behavior.

117.     The City, at all relevant times, was aware that these individual

defendants are unfit officers who have previously committed the acts

alleged herein and/or have a propensity for unconstitutional conduct.

118.     These policies, practices, and customs were the moving force

behind plaintiff's injuries.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a)     Award compensatory damages against the defendants,

jointly and severally;

(b)     Award punitive damages against the individual defendants, jointly and severally;

(c)     Award costs of this action to the plaintiff;

(d)     Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e)     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED:     May 27, 2016

            Brooklyn, New York

                              _____

                              Afsaan Saleem, Esq.

                              The Rameau Law Firm
                              16 Court Street, Suite 2504
                              Brooklyn, New York 11241
                              Phone: (718) 852-4759
                              rameaulawny@gmail.com

                              *Attorney for Plaintiff*

TO:     All  Defendants
          Corporation Counsel  of the  City of New York